Nathan Miller, Bar # 240278
Mary Castro-Ayala, Bar # 242267
MILLER & AYALA, LLP
191 W. Shaw Avenue, Suite 102
Fresno, California 93704
Telephone (559) 222-6622
Facsimile (559) 222-6626

Douglas V. Thornton, Bar # 154956
PERKINS, MANN & EVERETT
A Professional Corporation
2222 West Shaw Avenue, Suite 202
Fresno, California 93711
Telephone (559) 447-5700
Facsimile (559) 447-5600

Attorney for: Plaintiff WILLIAM SOLORAZANO

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

\* \* \*

| | |
|---|---|
| WILLIAM SOLORAZANO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF FRESNO, JERRY DYER and Does 1 through 250,<br><br>Defendants. | Case No.: 1:09-CV-01679-AWI-DLB<br><br>**FIRST AMENDED COMPLAINT**<br><br><u>**CLASS ACTION COMPLAINT:**</u><br><br>1. VIOLATION OF CALIFORNIA VEHICLE CODE SECTION 12110<br>2. VIOLATION OF GOVERNMENT CODE SECTION 53722<br>3. VIOLATION OF FOURTEENTH AMENDMENT<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff, WILLIAM SOLORAZANO individually and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED (hereinafter collectively referred to as "Plaintiff"), complain against defendants as follows:

///

# I.

# NATURE OF THE CASE

1. This action arises out of an ongoing policy and practice of defendant City of Fresno ("the City"), joined in by the remaining defendants, of paying and receiving a referral fee for the arrangement of towing services, in violation of State law. As alleged below, the City and several tow companies have engaged in what amounts to a violation of California Vehicle Code Section §12110.

2. Specifically, in or around, January, 2004, the City, in an attempt to increase revenues, established a tow program. As described in the Cities Adopted Budget Report for the 2005-2006 year, prepared by the City, the tow program is "a new innovative revenue source." "Franchise tow fees, enabled the Training Unit to add one sergeant, five officers, and provide $0.5 million of Patrol training." In sum, the tow program requires any tow operator who is referred business by the City, to be part of a "non exclusive franchise agreement" requiring the tow operator to pay the City $40.00 for every vehicle towed at the request of the City ("Tow Program"). Since 2004, it is believed that the Tow Program has generated nearly $1,000,000.00 dollars in revenue for the City, each year. As stated in the 2005-2006 and 2006-2007 Adopted Budget Reports, prepared by the City ("Budget"), the revenues generated by the Tow Program have been used to fund various programs within the Fresno Police Department ("FPD").

3. Plaintiff, on his behalf and on behalf of all similarly situated persons, claims that the City's obvious windfall of nearly $1,000,000.00 dollars on an annual basis, totaling approximately $5,500,000.00 since the inception of the Tow Program in 2004, have been generated unlawfully in a blatant and direct violation of California Vehicle Code Section §12110(b) and Proposition 218.

4. In compliance with California Government Code Section 911.2, Plaintiff filed a written claim with the City of Fresno Risk Management Office. A true and correct copy of the claim filed by Plaintiff has been attached hereto as Exhibit "A" and is incorporated herein by this reference.

## II.

## JURISDICTION AND VENUE

5. Jurisdiction and Venue is proper in this Court in that the events, conduct and violations complained of occurred in this District. In addition the defendants performed their duties and committed the conduct complained of herein within this County.

## III.

## PARTIES

6. Plaintiff, WILLIAM SOLORAZANO is a resident of the City and taxpayer therein and at all relevant times herein, was driving a vehicle which was subsequently towed at the request of the Fresno Police Department. William Solorazano was subsequently required to pay $175.00 to a tow company, $40.00 of which was paid by the Tow Company to the City of Fresno.

7. Defendant, City of Fresno "(Fresno)" is a municipal corporation, duly organized and existing under the laws of the State of California.

8. Defendants Does 1 to 100 are tow companies who have paid a fee to the City of Fresno in consideration for arranging or requesting the services of a tow truck.

9. Defendant Jerry Dyer is the Chief of the Fresno Police Department, and in that capacity is responsible for the operations of the Police Department.

10. All of the above individual defendants are sued in their individual and official capacities.

11. Plaintiff is informed and believe that DOES 101 through 150 at all relevant times herein were officers and employees of the City of Fresno, including the Fresno Police Department, and that DOES 151 through 250 were officers and employees of Fresno. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100 and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each of the DOE defendants is liable for, and proximately caused, the injuries

and violation of constitutional and statutory rights complained of herein. Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

12. Plaintiff is informed and believes that the acts of defendants complained of herein were undertaken in the execution of customs, policies and practices of authorized policymakers of the defendant City of Fresno and were joined in and/or implemented by the remaining defendants, and each of them, acting as the agent, servant, employee and/or in concert, and/or in conspiracy with each of said other defendants. Each of the defendants caused, and is liable for, the unconstitutional and unlawful conduct and resulting injuries by, among other things, personally participating in said conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing or setting in motion policies, plans and actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to maintain adequate training and supervision; and by ratifying the unlawful conduct taken by employees under their direction and control, including failing to take remedial and disciplinary action.

13. The acts complained of herein were intentionally and jointly committed, and will continue to be committed jointly and systematically by defendants unless restrained by this Court.

## Class Allegations:

14. The claims set forth hereinafter are brought by Plaintiff on his own behalf, as the representative of a class of similarly situated persons pursuant to California Code of Civil Procedure 382, on behalf of all persons whose vehicles were towed at the request of the FPD and were required to pay additional fees as a result, of which included $40.00 which was paid to the City by a tow company in exchange for the referral, and as a taxpayer within the City.

15. The members of the Class are so numerous that individual joinder of all members is impossible. Plaintiff is informed and believe on that basis alleges that the members of the class well exceed 20,000 in number.

16. There are common questions of law and fact that predominate over any questions affecting only individual Class members. Among the common questions of law and fact are the following:

    a. Whether defendants' policies, practices and conduct of requiring $40.00 to be paid and accepting $40.00 for each tow arranged by the City is lawful.

    b. Whether injunctive relief restraining further unlawful acts by defendants should be ordered by the Court and, if so, the nature of that injunctive relief.

17. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are competent in class action litigation. Plaintiff has no interests that are adverse or antagonistic to interests of other members of the Class.

18. A class action is superior to any method in order to secure a fair and efficient adjudication of this controversy. As the primary relief sought is monetary and injunctive in nature, the burden and expense make it impractical for class members to seek redress individually for the wrongs done to them. The nature and amount of the monetary damages sustained by each Class member is very similar in nature and may be established by common proof. Individual litigation by each class member would necessarily and substantially burden the operation of the judicial system.

## Factual Allegations

19. As previously alleged, in or around, January, 2004, the City, in an attempt to increase revenues, established a tow program. In sum, the tow program requires any tow operator who is referred business by the City, to be part of a "non exclusive franchise agreement" requiring the tow operator to pay the City $40.00 for every vehicle towed at the request of the City ("Tow Program"). Since 2004, it is believed that the Tow Program has generated nearly $1,000,000.00 dollars in revenue for the City, each year.

20. The City, through its Risk Management Office, has claimed that it has the right to operate the Tow Program and collect the $40.00 fee pursuant to Vehicle Code Section §12110(b). The City has also claimed that the Tow Program is not in violation of Vehicle Code Section §12110(b). However, the City is clearly and unambiguously collecting

fees in significantly in excess of the amount excepted in Vehicle Code Section §12110(b) from the prohibitions for such payments in Vehicle Code §12110(a), which is "the amount necessary to reimburse the public entity for its actual and reasonable costs incurred in connection with the tow program." As stated in the Budget, the City is receiving a windfall from the added revenues significantly in excess of its costs, which have been used to fund various programs within the FPD. In no way can Vehicle Code Section §12110(b) be interpreted to be a means for a public entity to operate and conduct an "innovative revenue source", as the City is currently doing. In fact, Vehicle Code Section §12110(b) imposes criminal sanctions for its violation.

21. Furthermore, the statutory and constitutional provisions created as a result of the passage of Proposition 218, including but not limited to California Constitution Article 13C, § 2 and Government Code § 53720 et seq. clearly specify that fees collected in excess of the actual costs are considered "taxes." Since it is not possible that the cost of the "Tow Program" is $40.00 per tow, the City's collection of the $40.00 fee will be deemed a special tax, which the City has failed to properly institute. Because the fees are actually taxes, strict voting requirements were required to be adhered, which the City failed to do. (See Gov. Code § 53722.)

22. The basis of the Plaintiff's action is to recover all of the fees paid to the City in violation of well settled California law and for the return of those fees to the Plaintiffs. Unfortunately, the residents and visitors of Fresno who have been required to pay an additional $40.00 to tow operators, are unaware that they are paying $40.00 more than they would otherwise be required to pay absent the implementation of the Tow Program.

### Requisites for Relief

23. Defendants' policies, actions and conduct have resulted and will result in irreparable injury to Plaintiff. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs described herein. Defendants have made it plain by their actions, the ongoing nature of their activities, and their public statements that they intend to continue the unlawful conduct described above. Defendant City has a policy and practice of requiring tow

operators to pay $40.00 for each vehicle towed in violation of California Vehicle Code Section 12110 and Proposition 218, and will continue to implement this policy and practice unless and until restrained by an injunctive decree of this Court.

24. The acts of defendants as alleged above constituted violations of established California law, and defendants could not reasonably have thought that their conduct in requiring tow operators to pay $40.00 per tow and collecting what is believed to be nearly one million dollars per year as alleged herein, was consistent California law.

25. An actual controversy exists between Plaintiff and defendants in that defendants have engaged in the unlawful conduct as alleged herein and intend to continue this unlawful conduct as an ongoing practice and policy of the City whereas Plaintiff claim that these practices are unlawful and therefore seek a declaration of rights with respect to this controversy.

26. As a direct and proximate result of the unconstitutional and unlawful policies, practices and conduct of defendants, Plaintiff and members of the Plaintiff class have suffered, and will continue to suffer damages, including but not limited to the loss of monies resulting from the defendants unlawful conduct.

27. The acts of defendants were willful, wanton, malicious, and oppressive and done with conscious disregard and deliberate indifference for plaintiffs and their rights.

28. Plaintiff has filed administrative claims with the City pursuant to California Government Code 910 et seq.

**First Claim of Relief**

**(California Vehicle Code Section 12110)**

29. Plaintiff realleges and incorporates herein paragraphs 1 through 28 above, as though fully set forth.

30. Defendants' above-described policies, practices and conduct violate California Vehicle Code Section 12110.

///
///

### Second Claim of Relief

### (California Government Code 53720, et seq. (Proposition 218))

31. Plaintiff realleges and incorporates herein paragraphs 1 through 30 above, as though fully set forth.

32. Defendants' above-described policies, practices and conduct violate California Government Code Section 53720, et seq. (Proposition 218) in that the Tow fee is a special tax requiring a two-thirds approval of the qualified voters and has not been so approved.

### Third Claim of Relief

### (California Constitution, Article 13C, § 2)

33. Plaintiff realleges and incorporates herein paragraphs 1 through 32 above, as though fully set forth.

34. Defendants' above-described policies, practices and conduct violate California Constitution, Article 13C, § 2, in that the Tow fee is a special tax requiring a two-thirds approval of the qualified voters and has not been so approved.

### Fourth Claim of Relief

### (Denial of Constitutional Right to Due Process of Law –
### California Constitution Article 1, §7(A) and Fourteenth Amendment)

35. Plaintiff realleges and incorporate here paragraphs 1 through 34 above, as though fully set forth.

36. Defendants' above-described policies, practices and conduct violate Plaintiff's right to due process of law under Article 1, § 7(A) and the Fourteenth Amendment of the United States Constitution.

///
///
///
///
///
///

PERKINS, MANN & EVERETT, APC

{00013372.DOC;1}

First Amended Complaint

## Fifth Claim of Relief

### (Enjoining Expenditure of Funds in Collecting Illegal Fees)

37. Plaintiff realleges and incorporates herein paragraphs 1 through 36 above, as though fully set forth.

36. Defendants' above-described policies, practices and conduct violate California statutory law and the constitution of the State of California and Plaintiff's right to due process of law under the California and United States Constitutions as alleged herein above and the expenditure of funds by the City to collect such fees should be enjoined on behalf of the taxpayers of the City.

### Prayer for Relief

WHEREFORE, Plaintiff seeks relief from this Court as follows:

1. For an order certifying the proposed Plaintiff class, together with any necessary and appropriate subclasses.

2. For a temporary restraining order, preliminary injunction and permanent injunction, enjoining and restraining defendants from continuing or repeating the unlawful policies, practices and conduct complained of herein.

3. For a declaratory judgment that defendants' policies, practices and conduct as alleged herein were in violation of Plaintiff's rights under the laws of California.

4. For damages in an amount according to proof but in no event less than $40.00 per vehicle towed at the request of the City of Fresno beginning with the inception of its Tow Program.

6. For attorneys fees as provided by law;

7. For costs of suit; and

9. For such other and further relief as the Court may deem just and proper.

Dated: January 10, 2010                     PERKINS, MANN & EVERETT

By: _____
Douglas V. Thornton, Attorneys for Plaintiff
WILLIAM SOLORAZANO

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury in this action on all claims and issues for which jury trial is permitted.

PERKINS, MANN & EVERETT

By: ____________________

Douglas V. Thornton, Attorneys for Plaintiff
WILLIAM SOLORAZANO

# PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Perkins, Mann & Everett, and my business address is 2222 West Shaw Avenue, Suite 202, Fresno, California, 93711.

On January 4, 2010, I caused to be served the following document(s): **CAPTION/PROOF** on the parties involved addressed as follows:

James B. Betts, Esq.
Joseph D. Rubin, Esq.
BETTS & RUBIN
P.O. Box 28550
Fresno, CA 93729-8550

[X] **BY ELECTRONIC MAIL:** *By filing electronically with the U.S. Eastern District Court, and opting to receive service by electronic mail, service of this document is hereby deemed served.*

[ ] **BY U.S. MAIL:** *I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Fresno, California. I am readily familiar with the business practice for collection and processing of mail in this office; and that in the ordinary course of business said document would be deposited with the U.S. Postal Service in Fresno, California on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this declaration.*

[ ] **BY FACSIMILE:** *By use of a facsimile machine telephone number (559) 447-5600, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting facsimile machine.*

[ ] **BY FEDERAL EXPRESS OVERNIGHT DELIVERY:** *I caused each envelope, with delivery fees provided for, to be picked up on this date by a Courier employed by Federal Express or deposited in a box regularly maintained by Federal Express. I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of this firm's business practice the document(s) described above will either be deposited in a box or other facility regularly maintained by Federal Express or delivered to an authorized courier or driver authorized to receive documents on the same date that it is placed for collection.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Fresno, California on January 4, 2010.

Melanie M. Chacon

PERKINS, MANN & EVERETT, APC