IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOLORAZANO, et al., ) | 1:09-CV-1679 AWI DLB |
| ) | |
| Plaintiff, ) | ORDER REMANDING FOR LACK |
| ) | OF SUBJECT MATTER |
| v. ) | JURISDICTION |
| ) | |
| THE CITY OF FRESNO, JERRY ) | (Documents #13 & #14) |
| DYER, and DOES 1 through 100, ) | |
| inclusive, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## BACKGROUND

On August 3, 2009, Plaintiff filed a complaint in the Superior Court of the State of California, County of Fresno.  On September 22, 2009, Defendants removed the complaint to the Eastern District of California, Fresno Division, because the complaint contains a claim brought under the Due Process Clause of the Federal Constitution.  Defendants contend this court has federal question jurisdiction over the complaint pursuant to 28 U.S.C. § 1331.

On January 4, 2010, Plaintiff filed an amended complaint ("complaint").  The complaint contains the following causes of action: (1) Violation of California Vehicle Code § 12110; (2) Violation of California Government Code 53720; (3) Violation of California Constitution, Article 13C, § 2; (4) Violation of the due process rights found in California Constitution Article 1, § 7(A) and the Fourteenth Amendment of the United States's Constitution; and (5) An injunction enjoining the expenditure of funds obtained by collecting illegal taxes.

On February 12, 2010, Defendants filed a motion to dismiss Plaintiff's complaint, a motion for a more definite statement, and a motion to strike portions of the complaint. On March 8, 2010, Plaintiff filed an opposition. On March 15, 2010, Defendants filed a reply.

**LEGAL STANDARD**

"If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). In other words, a district court may remand a removed case *sua sponte* if it determines that it lacks subject matter jurisdiction over the case. Maynez v. Garza, 2010 WL 1853845, *2 (E.D.Cal. 2010); Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 990 (D. Nev. 2005); Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1188 (N.D. Cal. 1997).

**ALLEGED FACTS**

. The complaint alleges that in or around January, 2004, the City of Fresno ("City"), in an attempt to increase revenues, established a "Tow program". The complaint alleges that the program requires any tow operator who is referred business by the City to be part of a "non exclusive franchise agreement" requiring the tow operator to pay the City $40.00 for every vehicle towed at the request of the City. The complaint alleges that the City's windfall of nearly $1,000,000.00 dollars on an annual basis, totaling approximately $5,500,000.00 since the inception of the Tow Program in 2004, has been generated unlawfully in a blatant and direct violation of California Vehicle Code Section 12110(b) and Proposition 218. The complaint alleges the statutory and constitutional provisions created as a result of the passage of Proposition 218, including, but not limited to, California Constitution Article 13C, § 2, and Government Code § 53720 *et seq*. clearly specify that fees collected in excess of the actual costs are considered "taxes." Because it is not possible that the cost of the "Tow Program" is $40.00 per tow, the

complaint alleges the $40.00 fee is a special tax, which the City has failed to properly institute. The complaint alleges that because the fees are actually taxes, strict voting requirements were required to be adhered to, which the City failed to do.

## DISCUSSION

This court lacks jurisdiction over this action. The Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

The TIA imposes a jurisdictional limitation on federal courts. Arizona Life Coalition Inc. v. Stanton, 515 F.3d 956, 962 (9th Cir. 2008). The Supreme Court has interpreted the TIA as a "broad jurisdictional barrier." Arkansas v. Farm Credit Servs. of Cent. Ark., 520 U.S. 821, 825 (1997). The TIA bars taxpayers from challenging the validity of a state tax in federal court where there is an adequate remedy available in state court. McIlwain v. Oregon Dept. of Revenue, 334 Fed.Appx. 99, 100, 2009 WL 3248754, 1 (9th Cir. 2009). Federal courts must abstain from suits that would intrude into the administration of state taxation. Patel v. City of San Bernardino, 310 F.3d 1138, 1140 (9th Cir. 2002). The dispositive question in determining whether the TIA's jurisdictional bar applies is whether the plaintiff's action, if successful, would reduce the flow of state tax revenue. Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1184 (9th Cir. 2006); May Trucking Co. v. Or. Dep't of Transp., 388 F.3d 1261, 1267 (9th Cir. 2004).

By its own allegations, this action concerns alleged improper taxes by the City. In this action, Plaintiff contends that Defendants have taxed Plaintiff and similarly situated persons in violation of the Federal Due Process Clause, the California Constitution, and California Law. Plaintiff seeks an injunction prohibiting the City from collecting taxes as part of the City's Tow Program, and Plaintiff seeks damages on behalf of himself and the alleged class in the amount of $40.00 for every vehicle towed at the request of the City beginning with the inception of the Tow Program. If Plaintiff's access is successful, it will reduce the flow of revenue to the City. The

1 | TIA bars this court's jurisdiction over this action.

**ORDER**

Accordingly, the court ORDERS that this action is REMANDED to the Superior Court of the State of California, County of Fresno because this court lacks jurisdiction over the action pursuant to 28 U.S.C. § 1341.

IT IS SO ORDERED.

**Dated:   June 1, 2010**                    /s/ Anthony W. Ishii
                                             CHIEF UNITED STATES DISTRICT JUDGE

4